In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00160-CR
NO. 09-22-00161-CR
_____

JOVAN NEVEAUX, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
Jefferson County, Texas
Trial Cause Nos. 18-29090, 18-29093

## MEMORANDUM OPINION

Jovan Neveaux appeals his convictions for aggravated robbery in

trial court cause numbers 18-29090 and 18-29093.[1] In both cases,

Neveaux reached a plea agreement with the State. He agreed to plead

guilty to aggravated robbery in exchange for the State recommending

[1]*See* Tex. Penal Code Ann. § 29.03 (Aggravated Robbery).

1

that the trial court defer the adjudication of his guilt. Relying on that agreement, the trial court found the evidence sufficient to find Neveaux guilty of the offenses and then signed orders of deferred adjudication, which in each of Neveaux's cases placed him on community-supervision for a period of ten years.

Less than a year later, the State filed motions alleging that Neveaux had violated several of the conditions he was required to follow to remain on community supervision and avoid the adjudication of his guilt. The State asked the trial court to conduct a hearing and decide whether the orders placing Neveaux on probation should be revoked.

In May 2022, the trial court conducted an evidentiary hearing on the motions to revoke. During the hearing, Neveaux told the trial court that the State's allegations claiming he had violated the requirements of his deferred adjudication order were not true. When the hearing ended, however, the trial court found that two of the allegations, which were identical in the motions in both cases, to be true: (1) that Neveaux committed a felony offense while he was on community supervision in violation of a term that is in each of the orders; and (2) that Neveaux

failed to perform the number of community service restitution hours the court required of him in each of the orders.

After the trial court signed the judgment adjudicating Neveaux's guilt, Neveaux appealed. Neveaux's court-appointed attorney discharged his responsibilities to Neveaux by filing *Anders* briefs in the appeals.[2]

In the briefs, Neveaux's attorney represents there are no arguable reversible errors to be addressed in Neveaux's appeals. The briefs the attorney filed contain a professional evaluation of the records and explain why, under the records in Neveaux's cases, no arguable issues exist to reverse the trial court's judgments.[3] Neveaux's attorney represented that he sent Neveaux a copy of the briefs, and he explained to Neveaux how he could arrange to request a copy of the appellate record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Neveaux, by letter, that he could file a pro se brief or response with the court on or before October 4, 2022. Neveaux, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney

---

[2]*See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[3]*See id.*

assigned to represent the defendant has a non-frivolous argument that would support the appeal.[4] After reviewing the records in both appeals, we agree with counsel's conclusion that no arguable grounds exist to support the appeals.[5] Thus, it follows the appeals are frivolous.[6] For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[7] The trial court's judgments in cause numbers 18-29090 and 18-29093 are affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 26, 2023
Opinion Delivered August 2, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[4]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).

[5]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[6]*Id.* at 826.

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Neveaux may challenge our decision in these cases by filing petitions for discretionary review. *See* Tex. R. App. P. 68.